IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEDTECH PRODUCTS INC., | ) **'07 CIV 6570** |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) JURY DEMAND |
| RANIR, LLC, | ) COMPLAINT |
| Defendant. | ) |

For its Complaint against Defendant RANIR, LLC ("Ranir"), Plaintiff MEDTECH PRODUCTS INC. ("Medtech") states and alleges as follows:

### PARTIES, JURISDICTION & VENUE

1. Medtech is a corporation organized and existing under the laws of Delaware, with its principal place of business at 90 North Broadway, Irvington, New York 10533.

2. Ranir is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 4701 East Paris Avenue, Grand Rapids, Michigan 49512.

3. This Complaint arises under the Lanham Trademark Act, 15 U.S.C. §§ 1114-27, and the laws of the State of New York.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. Moreover, this Court has supplemental and pendant jurisdiction under 28 U.S.C. § 1367 because the state and federal claims are derived from a common nucleus of operative

Page 1 of 12

facts and considerations of judicial economy dictate that the state and federal issues be consolidated for a single trial.

5.  Ranir is subject to personal jurisdiction in this Court. Ranir consented to the jurisdiction of this Court in the Settlement Agreement at issue in this case.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Ranir is doing business in this District; because a substantial part of the events giving rise to the acts complained of occurred in this District; and because Ranir agreed in the Settlement Agreement at issue in this case that any disputes would be brought exclusively in the United States District Court for the Southern District of New York. Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this District under New York law.

## MEDTECH'S NIGHTGUARD™ PRODUCT

7.  Medtech markets, distributes, and sells a dental protector designed to protect the teeth and jaw from the detrimental effects of bruxism (teeth grinding) under its trademarks THE DOCTOR'S® NIGHTGUARD™. Medtech markets, distributes, and sells dental protectors throughout the United States and in the New York area. The NIGHTGUARD™ dental protector is a patented, high-quality product that has a distinctive feel and offers superior protection and comfort.

8.  Medtech began using the NIGHTGUARD™ mark in association with the marketing, distribution, and sale of dental protectors on or about January 1997. Subsequent to the FDA approval of Medtech's device on March 3, 2006 for over-the-counter ("OTC") sale,

Medtech designed a new trade dress in the Fall of 2006 to create a distinctive combination of purple, red, and white, and included on a package a crescent moon, a drawing of the device, and other distinctive graphic elements ("Medtech's Trade Dress"). A true and correct copy of the packaging for Medtech's NIGHTGUARD™ dental protector is attached hereto as **Exhibit A**, and the front cover is depicted below:



9. The package colors are a distinctive purple, red, and white, and the package cover features the crescent moon and product drawing. The brilliant colors and package layout of Medtech's NIGHTGUARD™ dental protector are readily recognizable to consumers for dental protector devices.

10. Since use of the NIGHTGUARD™ mark and associated Trade Dress began, Medtech has used the NIGHTGUARD™ mark and associated Trade Dress to market its dental protector through advertisements in various publications, on nationally syndicated radio networks and shows, and on cable television. The advertisements display the NIGHTGUARD™ mark and associated Trade Dress.

## RANIR'S MISAPPROPRIATION OF MEDTECH'S TRADE DRESS

11.  Defendant Ranir manufactures a competing product to Medtech's NIGHTGUARD™ dental protector for Duane Reade Corporation ("Duane Reade") to market, distribute, and sell throughout the country and in the New York area. The actual entry of the Ranir product in Duane Reade stores has only been within the past few weeks.

12.  The competing product manufactured by Ranir uses the same distinctive purple, red, and white color scheme as Medtech's Trade Dress. A true and correct copy of the front cover is pictured below:



13.  The Ranir-manufactured dental protector is being sold in Duane Reade stores in the New York area, respectively, adjacent to Medtech's NIGHTGUARD™ dental protectors.

14.  The selection of the colors purple, red, and white by Ranir was not coincidental. Instead, Ranir purposefully has attempted to trade on the goodwill and reputation of Medtech's pioneering NIGHTGUARD™ dental protector. When the packaging of the THE DOCTOR'S® NIGHTGUARD™ Trade Dress is compared with the packaging of the competing products, the intentional copying and resulting likelihood of consumer confusion is evident:

 

## **RANIR IS A REPEAT OFFENDER**

15. On April 24, 2007, Medtech filed a lawsuit against Ranir, captioned *Medtech Products, Inc. v. Ranir, LLC, and CVS Pharmacy, Inc.*, No. 07-cv-3302, in the United States District Court for the Southern District of New York on April 24, 2007 (the "Previous Litigation"). That lawsuit concerned the house brand dental protector that Ranir was manufacturing for CVS Pharmacy, Inc. ("CVS") and alleged trademark, trade dress, copyright and patent infringement, and related common law torts.

16. The Complaint in the Previous Litigation specifically referenced the Duane Reade dental protector, manufactured by Ranir, as a product that both violated the intellectual property rights of Medtech, and was potentially to be marketed, distribute and sold throughout the country and in the New York area. (Docket No. 1 at ¶¶ 12, 52, 54.) At that time, the product was pictured on the internet, but was not in any stores. Medtech specifically alleged that "Duane Reade's packaging also uses (or will use) the same distinctive purple, red, and white color scheme as Medtech's Trade Dress." (*Id.* ¶ 52.)

17. On June 12, 2007, Medtech, Ranir and CVS entered into a confidential Settlement Agreement and Release (the "Settlement Agreement") with respect to the Previous Litigation.

18. As a result of the Settlement Agreement, on June 20, 2007 Medtech, Ranir and CVS executed a Stipulation of Dismissal with respect to the Previous Litigation, which the Court so ordered on June 22, 2007.

19. During the negotiations of the Settlement Agreement, Ranir specifically told Medtech that it had not shipped any other packaging, and that it was not shipping product for Duane Reade.

20. According to the terms of the Settlement Agreement, Ranir recognized and acknowledged Medtech's Trade Dress, and agreed not to use any purple, red or white trade dress similar to Medtech's Trade Dress for any other private label for its dental protector product.

21. By introducing a competing product using Medtech's purple, red and white color from its Trade Dress for Duane's Reade's house brand, Ranir is violating the terms of the Settlement Agreement.

## **MEDTECH IS BEING HARMED**

22. Ranir's breach of the Settlement Agreement has caused and will continue to cause damage and irreparable injury to Medtech.

23. Not only has Medtech lost sales and revenues as confused customers buy the Ranir product when they intended to buy Medtech's product, but Ranir's conduct will continue to damage Medtech's ability to maintain its hard-won brand recognition and reputation for high-quality products in the over-the-counter dental protector category.

24. More importantly, Ranir's conduct will damage Medtech's ability to maintain its brand recognition in the dental protector category due to Ranir's deliberately deceptive behavior. If Ranir floods the market with its infringing and confusing product, it will undermine Medtech's efforts to continue to grow its brand, maintain its reputation for high-quality products, and establish greater success.

25. Medtech seeks an award of compensatory and punitive damages, as well as attorneys' fees and expenses, for Ranir's Trade Dress infringement and breach of the Settlement Agreement.

## COUNT I
## LANHAM ACT – TRADE DRESS INFRINGEMENT

26. Medtech incorporates the allegations contained in Paragraphs 1-25 above as if fully set forth herein.

27. The consistent, distinctive, and non-functional color and appearance of the Trade Dress has achieved secondary meaning with customers, and constitutes protectible Trade Dress of Medtech.

28. Ranir's unauthorized and willful use of Medtech's Trade Dress in the packaging of competing goods now being sold at Duane Reade constitutes use in interstate commerce that infringes Medtech's exclusive rights in its Trade Dress, and has and is intended to, or is likely to, cause confusion, mistake or deception in the minds of the public as to the origin, source, sponsorship, approval, association, and authenticity of the products sold and marketed by Duane Reade and manufactured by Ranir. Ranir's acts constitute trade dress infringement under 15 U.S.C. § 1125(a)(1)(A).

29.  Ranir's infringing actions are willful and deliberate, and Medtech is entitled to attorneys' fees pursuant to 15 U.S.C. § 1117.

30.  Ranir's infringing conduct has damaged Medtech in an amount to be determined at trial.

## COUNT II
## BREACH OF CONTRACT

31.  Medtech incorporates the allegations contained in Paragraphs 1-30 above as if fully set out herein.

32.  The Previous Litigation resulted in a Settlement Agreement that was executed by Medtech and Ranir.

33.  Medtech has performed its duties under, and is in compliance with, the terms of the Settlement Agreement.

34.  Under a negotiated term of the Settlement Agreement, Ranir was to destroy all of its former packaging that resembled Medtech's Trade Dress, and to not use any purple, red or white trade dress similar to Medtech's Trade Dress.  Moreover, Ranir specifically stated in the negotiations leading up to the Settlement Agreement that no product had been shipped to Duane Reade.

35.  Ranir has failed to destroy all former packaging that resembled Medtech's Trade Dress and, upon information and belief, has shipped approximately 2,000 dental protector products in packaging that resembles Medtech's Trade Dress to Duane Reade for sale in Duane Reade stores.

36. Medtech has notified Ranir of its violations of the Settlement Agreement and Ranir has refused to take corrective measures.

37. Ranir's conduct has damaged Medtech in an amount to be determined at trial.

38. The Settlement Agreement provides that the prevailing party in any litigation concerning Agreement shall be entitled to recovery of its reasonable attorney's fees, expenses, and costs from the non-prevailing party or parties.

## PRAYER FOR RELIEF

**WHEREFORE**, Medtech respectfully requests that process issue and be served upon Defendant, and that the claims in this action be tried and an Order be entered that:

1. Requires Ranir to recall from all distribution channels and all retail locations all products utilizing Medtech's Trade Dress and take other affirmative steps to dispel such false impressions that heretofore have been created by its use of Medtech's Trade Dress, as required by the Settlement Agreement;

2. Requires Ranir to deliver up for destruction all labels, signs, prints, packages, advertisements, products, and/or other matter bearing the unauthorized reproduction or imitation of Medtech's Trade Dress, and all means for making such reproductions or imitations pursuant to 15 U.S.C. § 1118 and the Settlement Agreement.

3. Requires Ranir to account for their profits arising from its trade dress infringement and other illegal and deceptive acts;

4. Awards Medtech actual damages, in an amount to be determined at trial, to the fullest extent allowed under 15 U.S.C. § 1117 or, in the alternative, be awarded statutory damages pursuant to the Lanham Act in the maximum amount permitted by law.

5. Awards Medtech damages for Ranir's breach of the Settlement Agreement;

6. Awards Medtech treble damages for Defendant's willful and deliberate actions to the fullest extent allowed under 15 U.S.C. § 1117.

7. Awards Medtech costs and reasonable attorneys' fees to the fullest extent provided for by 15 U.S.C. § 1117 and the Settlement Agreement.

8. Awards Medtech prejudgment and postjudgment interest at the highest rate prescribed by law.

9. Taxes the costs of this case against Ranir.

10. Awards such other and further relief as this Court deems equitable and just.

Dated: July 20, 2007

                            Respectfully submitted,

                            ALSTON & BIRD LLP

                            By: _____
                            Karl Geercken (KG 5897)
                            Amy Manning (AM 0338)
                            90 Park Avenue
                            New York, New York 10016-1387
                            (212) 210-9471 (phone)
                            (212) 210-9444 (facsimile)
                            karl.geercken@alston.com
                            amy.manning@alston.com


                            Of Counsel:

                            W. Edward Ramage, TN BPR No. 16261
                            BAKER, DONELSON, BEARMAN,
                                CALDWELL & BERKOWITZ, P.C.
                            Commerce Center, Suite 1000
                            211 Commerce Street
                            Nashville, Tennessee 37201
                            (615) 726-5600
                            eramage@bakerdonelson.com

                            Micheline Kelly Johnson, TN BPR No. 13847
                            Clinton P. Sanko, TN BPR No. 23354
                            BAKER, DONELSON, BEARMAN,
                                CALDWELL & BERKOWITZ, P.C.
                            1800 Republic Centre
                            633 Chestnut Street
                            Chattanooga, Tennessee 37450-1800
                            (423) 756-2010
                            mjohnson@bakerdonelson.com
                            csanko@bakerdonelson.com

                            Carl M. Davis II, GA Bar Number 207710
                            BAKER, DONELSON, BEARMAN,
                                CALDWELL & BERKOWITZ, P.C.1800
                            Six Concourse Parkway

Suite 3100
Atlanta, Georgia 30328
(678) 406-8700
cdavis@bakerdonelson.com

Todd R. David , GA BPR No. 206526
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
todd.david@alston.com

Attorneys for Plaintiff
Medtech Products Inc.

# Exhibit A



